UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KYLE JOHNSON,

                Petitioner,

      v.                                   DECISION AND ORDER
                                          02-CV-550A
                                          00-CR-63A

UNITED STATES OF AMERICA,

                Respondent.

---

        On April 25, 2000, petitioner Kyle Johnson was indicted on one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and one count of possession of cocaine base in excess of 5 grams, in violation of 21 U.S.C. § 844(a). Petitioner's first trial ended in a mistrial. A second trial began on October 3, 2000.

        On October 6, 2000, the jury returned a verdict of guilty on the charge of possession with intent to distribute 50 grams or more of cocaine base. On January 18, 2001, the Court sentenced petitioner to a term of imprisonment of 121 months. Judgement was entered on January 25, 2001. Petitioner appealed his conviction to the Second Circuit Court of Appeals, and on October 11, 2001, the Second Circuit affirmed petitioner's conviction. See United States v. Johnson, 20 Fed. Appx. 81 (2d Cir. 2001).

        On July 31, 2002, petitioner filed the instant motion under 28 U.S.C. § 2255 motion. By Decision and Order filed June 13, 2003, the Court denied the § 2255

motion, and also denied a certificate of appealability.   Judgment was entered that same day.

On June 26, 2003, petitioner filed a notice of appeal with the Second Circuit, appealing this Court's denial of his § 2255 motion.  On October 23, 2003, the Second Circuit granted petitioner's motion for a certificate of appealability as to the issues of whether (1) petitioner's retrial violated the Double Jeopardy Clause; (2) trial counsel's failure to raise a double jeopardy objection before the second trial or on appeal amounted to ineffective assistance of counsel; and (3) the district court erred by not holding an evidentiary hearing or expanding the record to include an affidavit from petitioner's trial attorney before rejecting petitioner's argument that his attorney did not allow him to testify on his own behalf.

On December 31, 2003, petitioner filed a Rule 60(b) motion for reconsideration of the Court's Decision and Order of June 13, 2003, denying his § 2255 motion.  On November 22, 2004, the Court denied petitioner's Rule 60(b) motion.

On February 14, 2005, petitioner filed a second Rule 60(b) motion.  On February 17, 2005, the Court denied that motion as well.

On March 4, 2005, petitioner filed a notice of appeal regarding the Court's February 17th Order denying his second Rule 60(b) motion.  In the notice of appeal, he also moves for a certificate of appealability.

The Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right and therefore denies his motion for a certificate of appealability.  28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

/s/ Richard J. Arcara

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: May    12   , 2005